**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CELINA R. GUISINGER,<br>　　　　　Appellant, | DOCKET NUMBER<br>DE-315H-15-0061-I-1 |
| 　　　　v. | |
| DEPARTMENT OF THE ARMY,<br>　　　　　Agency. | DATE: February 4, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Janice L. Jackson, Leavenworth, Kansas, for the appellant.

Anne E. Hinkebein, Esquire, Fort Leavenworth, Kansas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed her appeal of her probationary termination for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this final order to correct a typographical error about a date noted in the initial decision, we AFFIRM the initial decision.[2]

¶2     The agency terminated the appellant from her appointment as a Clinical Psychologist, GS-0180-13, on November 3, 2014, during the first year of that appointment. Initial Appeal File (IAF), Tab 1 at 1, 4, Tab 3 at 4. A preference eligible, she was appointed on March 10, 2014, to a career-conditional position in the competitive service subject to a 1-year probationary period. IAF, Tab 6 at 6. Immediately prior to this appointment, she worked at the agency as a contract psychologist for approximately 2½ years. IAF, Tab 4 at 4. The appellant alleged that, at some point after her appointment, she was involved in an incident with a patient that ultimately led the patient to file a complaint with the agency's Inspector General (IG). IAF, Tab 1 at 6. As a result, she provided information about her supervisor, the Chief of Behavioral Health, to the IG. *Id.* She also alleged that beginning in or around August 2014, her supervisor significantly increased her patient load, tasked her with conducting "special duty evaluations," and did not similarly increase her colleague's workload. *Id.* She additionally explained that, on October 23, 2013, she disclosed to unidentified persons in her

---

[2] As stated below, we modify the initial decision to change a date from October 23, 2014 to October 23, 2013. Initial Decision at 2.

facility's command structure that a coworker "was creating / writing her own GS position / announcement with" assistance from the current and former Chiefs of Behavioral Health, "to give [the coworker] an unfair advantage over [the appellant] as [the appellant has] veteran's preference and [the coworker] never served in the military." *Id.* The agency stated that it terminated the appellant for reasons of poor performance and misconduct. *Id.* at 8-9. This appeal followed. IAF, Tab 1. The administrative judge, after specifically notifying the appellant about what she needed to establish to prove that the Board had jurisdiction over the appeal, IAF, Tab 2, found that the Board lacked jurisdiction over her probationary termination and dismissed the appeal, IAF, Tab 9, Initial Decision (ID) at 1, 7.

¶3        On review, the appellant argues that the administrative judge erred when he stated in the initial decision that her October 23 disclosure took place in 2014, and not in 2013. Petition for Review (PFR) File, Tab 1 at 4; ID at 2.[3] She also asserts that, at the same time, she reported "experiencing reprisal from . . . my former supervisor" following her future brother-in-law's filing with the IG and the licensing board complaints against her former supervisor of which she had no prior knowledge or involvement.[4] PFR File, Tab 1 at 4. She avers that her

---

[3] Service of the Board's acknowledgment letter for the petition for review was inadvertently delayed. The letter was served on September 25, 2015. PFR File, Tab 2. The letter states that the agency could file a response or cross-petition for review by October 20, 2015, and the appellant could file a reply within 10 days after the agency's response was served. *Id.* The agency filed a timely response on October 20, 2015. PFR File, Tab 3. The appellant filed a reply on October 31, 2015. PFR File, Tab 4. The appellant's reply is untimely filed by 1 day. PFR File, Tab 2; 5 C.F.R. § 1201.114(e). She has not shown good cause for her untimely filing, nor did she request an extension of time in which to file. *See* 5 C.F.R. § 1201.114(f). The Board has not considered her reply. *See* 5 C.F.R. § 1201.114(g). In any event, her reply only serves to reiterate the arguments she made in her petition for review, and her attachments are not material to the issues now before the Board. PFR File, Tab 2 at 6-8.

[4] In a statement that appears to controvert this assertion, the appellant avers that she first learned of her future brother-in-law's complaint "in writing" on May 26, 2015.

former supervisor and the current Chief of Behavioral Health retaliated against her "through [her] GS hiring process and in [a] premeditated plan of malicious intent . . . to terminate [her] during [her] probationary period." *Id.*

¶4 To the extent that the appellant is seeking to correct the findings of fact, we adjust the relevant date from October 23, 2014 to October 23, 2013, in the initial decision. ID at 2; IAF, Tab 1 at 6. To the extent that she may be seeking to introduce new evidence in the form of two email messages that accompanied her petition for review, we reject her claim. PFR File, Tab 1 at 6-8. Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d). The appellant sent these messages, and they are dated October 23, 2013. PFR File, Tab 1 at 6-8. She has not explained why they were unavailable before the record closed below. Additionally, the messages would not change the outcome of the appeal. Newly submitted evidence must be of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). As the administrative judge explained, he did not address the appellant's allegations about the agency's reasons for terminating her because she failed to show that the appeal is within the Board's jurisdiction. ID at 2 n.1, 5-7.

¶5 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board does not have jurisdiction over all matters involving a Federal employee that are allegedly unfair or incorrect. *Johnson v. U.S. Postal Service*, 67 M.S.P.R. 573, 576 (1995). The appellant bears the burden of proof to establish the Board's jurisdiction over her appeal. 5 C.F.R. § 1201.56(a)(2)(i).

PFR File, Tab 1 at 4-5. However, she supplies with her petition an email message she sent on October 23, 2013, which mentions the complaint. *Id.* at 6.

¶6        Persons who do not meet the definition of "employee" under 5 U.S.C. § 7511 have only limited Board appeal rights when they are terminated from Federal service. *See Niemi v. Department of the Interior*, 114 M.S.P.R. 143, ¶ 9 (2010). Under 5 U.S.C. § 7511, an employee in the competitive service is a person (i) who is not serving a probationary or trial period under an initial appointment; or (ii) who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. 5 U.S.C. § 7511(a)(1)(A). If an appellant in a competitive service position does not meet one of these definitions of employee, she does not have a statutory right to appeal her termination. *See Niemi*, 114 M.S.P.R. 143, ¶ 9; *Liu v. Department of Agriculture*, 106 M.S.P.R. 178, ¶ 6 (2007) (citing *McCormick v. Department of the Air Force*, 307 F.3d 1339, 1341-42 (Fed. Cir. 2002)). Instead, she may exercise a regulatory right of appeal if any of three circumstances apply: (1) she was discriminated against on account of her marital status; (2) she was discriminated against based on partisan political affiliation; or (3) the agency action was based on issues that arose preappointment and the required procedures were not followed. *Niemi*, 114 M.S.P.R. 143, ¶ 9; 5 C.F.R. § 315.806.

¶7        The appellant's appointment was subject to a year-long probationary period starting on March 10, 2014. IAF, Tab 6 at 6. She was terminated effective November 3, 2014. IAF, Tab 3 at 4. The probationary period was in effect at the time of her termination. She thus would not meet the definition of "employee" set forth in 5 U.S.C. § 7511(a)(1)(A)(i).

¶8        The appellant's primary argument below pertained to the definition of "employee" in 5 U.S.C. § 7511(a)(1)(A)(ii). She argued that her service as a contract psychologist without a break in service before her appointment should count for the purpose of "tacking," allowing her to have "completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less." IAF, Tab 4; *see* 5 U.S.C. § 7511(a)(1)(A)(ii); *see, e.g.*, *Smart v. Department of Justice*, 113 M.S.P.R. 393, ¶¶ 12-15 (2010). Her previous

employer, however, was a private corporation, Professional Performance Development Group, Inc., and not a Federal agency.  IAF, Tab 4 at 4, Tab 7 at 5-6.  Current continuous service involves uninterrupted employment with the same Federal agency.  *Smart*, 113 M.S.P.R. 393, ¶¶ 12, 14-15; 5 C.F.R. § 315.802(b)(1).

¶9        Because the appellant does not meet either of the statutory definitions, she would have limited appeal rights if she had nonfrivolously alleged that her termination was based on marital status discrimination or partisan political reasons. *See McCormick*, 307 F.3d at 1341 n.2; 5 C.F.R. § 315.806(b).  However, she did not allege either of these circumstances during the proceeding before the administrative judge.  On review, the appellant argues that, because she is presently in a common law marriage with her fiancé, the agency discriminated against her based on her marital status.  She did not assert this argument below. IAF, Tabs 4, 8.  The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); 5 C.F.R. § 1201.115(d).  The appellant has not presented any new and material evidence in this respect, nor has she explained why she did not raise the argument during the proceeding before the administrative judge.  Additionally, she has alleged no facts that would suggest that she was treated differently because of her marital status or that go to the essence of her status as a married, single, or divorced person.  *See Marynowski v. Department of the Navy*, 118 M.S.P.R. 321, ¶ 9 (2012).  Accordingly, we find that her argument is unavailing.

¶10       The appellant further states that she has filed a complaint with the Office of Special Counsel (OSC).  PFR File, Tab 1 at 5.  She asserts that her case involves "multiple issues . . . to include whistleblower reprisal, [equal employment opportunity] issues, violation of veteran's preference, retaliation for making protected disclosures, and prohibited personnel practices."  *Id.*  She asserts,

moreover, that she is seeking to correct unspecified "misinformation contained in my termination letter." *Id.* To the extent that the appellant is raising whistleblowing claims, we note that she is currently seeking to exhaust her administrative remedies at OSC. *Id.* She will have an opportunity to bring such matters before the Board at a later time. *See Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose

---

[5] The initial decision did not afford the appellant notice of appeal rights under the Whistleblower Protection Enhancement Act of 2012. We have provided notice of such appeal rights herein.

to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.